UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
BLUE AXIS GLOBAL LTD, *et al*.,
                            Petitioners,

               -v-

ALOPEX ADVISORS, LLC,
                            Respondent.
―――――――――――――――――――――――――――

25-CV-5640 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioners Blue Axis Global Ltd and Longbyte Inc. bring this action against Respondent Alopex Advisors, LLC ("Alopex") pursuant to 9 U.S.C. § 207 to confirm a partial final arbitration award issued by Arbitrator Thomas Lee on June 23, 2025. For the reasons that follow, the petition to confirm is granted.

**I.      Background**

Petitioners are part of Bixin Group, an affiliated group of cryptocurrency companies. (ECF No. 1 ¶ 6.) In 2021, Bixin Group engaged Alopex to aid its efforts to invest in a cryptocurrency mining facility in Iceland. (*Id.* ¶¶ 14-17.) The parties entered into a Letter of Engagement (the "Letter"), which provides for Petitioners to escrow a $4 million "Security Deposit." (*Id.* ¶ 19.) Pursuant to the Letter, Alopex became custodian of the Security Deposit. (*Id.* ¶ 21.) Section 2.8 of the amended Letter requires the immediate return of the Security Deposit if Alopex fails to deliver "a definitive written power purchase, power sublease, or similar agreement" between Bixin Group and an Icelandic electricity provider within thirty days after the payment of the Security Deposit. (*Id.* ¶ 24.) Section 8.6 of the Letter provides that "[a]ny dispute, controversy, or claim arising out of or in connection with this contract, or the

breach, termination, or invalidity thereof, shall be finally settled by arbitration administered by the Hong Kong International Arbitration Centre." (*Id.* ¶ 35 (quotation marks omitted).)

Although Alopex failed to deliver a definitive power purchase agreement, it refused to return the Security Deposit to Petitioners and liquidated the funds. (*Id.* ¶¶ 31, 32, 34.) Petitioners subsequently commenced arbitration before the Hong Kong International Arbitration Centre in Hong Kong. (*Id.* ¶ 35.) On June 23, 2025, Arbitrator Lee issued a 128-page Partial Final Award holding that Petitioners are entitled to the return of the Security Deposit and ordering Alopex to pay Petitioners a total of $4,000,000.00. (*Id.* ¶¶ 37-38, 41.) The award resolved all of the parties' respective claims to the Security Deposit, leaving only interest and costs to be dealt with separately. (*Id.* ¶ 3.)

On July 8, 2025, Petitioners filed a petition to confirm the arbitration award. (ECF No. 1.) Alopex opposed only on the ground that it seeks additional time to conduct investigations into whether it will move to set aside the Partial Final Award. (ECF No. 16.) Petitioners filed a reply in further support of their petition. (ECF No. 17.)

**II.    Discussion**

Under the Federal Arbitration Act (the "FAA"), a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the FAA]." 9 U.S.C. § 9. When an arbitration award "aris[es] out of a legal relationship . . . which is considered as commercial," and it involves foreign parties or "has some other reasonable relation with one or more foreign states," it falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). 9 U.S.C. § 202; *see also Molecular Dynamics, Ltd. v. Spectrum Dynamics Med. Ltd.*, 143 F.4th 70, 81 (2d Cir. 2025). Under the New York Convention, an application to confirm an arbitral award "is a summary proceeding that merely makes what is already a final arbitration award a judgment of

the court." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022) (quotation marks omitted). "The review of arbitration awards is very limited" and "[t]hat review is extremely deferential to the findings of the arbitration panel." *Id.* (quotation marks omitted). Article V of the New York Convention contains an exhaustive list of seven defenses to confirmation, which includes incapacity, lack of notice, and inapplicability of the arbitration provision. *Id.* at 809 n.4. "[T]he party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses applies," *id.* at 809-10 (quotation marks omitted), and "a district court *must* enforce an arbitral award . . . unless a litigant satisfies one of the seven enumerated defenses," *Corporación Mexicana de Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 106 (2d Cir. 2016).

Alopex offers no basis for denying the petition to confirm arbitration. (*See generally* ECF No. 16.) Indeed, it does not dispute the validity of the Letter or the applicability of mandatory arbitration, nor does it raise any of the other defenses enumerated in Article V. Instead, Alopex asks this Court only to "defer ruling on the Petition" because it is "investigating whether [the] award was based on the Petitioners' submission of false and materially misleading information," and may seek to set aside the Partial Final Award. (*Id.* at 4-6.) This argument relies on mere speculation about the submission of false or materially misleading information, with no evidence offered in support. But even if Alopex affirmatively alleged that Petitioners had submitted false information in the arbitration proceeding, that does not amount to one of the enumerated defenses. *See Commodities & Mins. Enter. Ltd.*, 49 F.4th at 809 n.4 (listing defenses).

The Court declines to defer decision. "[A] district court *may* . . . adjourn the decision on the enforcement of the award if an application for the setting aside or suspension of the award

*has been made* in the jurisdiction in which the award was made." *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, No. 22-832, 2023 WL 2961739, at *1 (2d Cir. Apr. 17, 2023) (summary order) (quotation marks omitted and emphasis added). But here, Alopex has not made an application to set aside the Partial Final Award and instead indicates merely that it is *considering* doing so. (*See* ECF No. 20.) The attenuated possibility of making an application to set aside the arbitration award does not warrant deferring resolution of the petition. Accordingly, absent any showing that one of the enumerated defenses applies, the Court grants the petition to confirm. *Corporación Mexicana de Mantenimiento Integral, S. De R.L. De C.V.*, 832 F.3d at 106.

### III. Conclusion

For the foregoing reasons, the petition to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $4,000,000.00, terminate the motion at ECF No. 4, and close this case.

SO ORDERED.

Dated: October 16, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge